UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON RUBIN, | No. C-09-2607 PJH (EMC) |
|          Plaintiff, | |
|     v. | **ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE** |
| APPLE, INC., *et al.*, | |
|          Defendants. | **(Docket No. 83)** |
| _____/ | |

Previously, Judge Hamilton entered a judgment in favor of Plaintiff Don Rubin against Defendants Quetouch.com and Cancerian-9. Damages in the amount of $224,758.85, and costs in the amount of $454.79, were awarded. *See* Docket No. 81 (judgment). Subsequently, a writ of execution, in the total amount of $225,213.64, was issued. *See* Docket No. 82 (writ).

Approximately two weeks after the writ of execution issued, Mr. Rubin filed a motion for an assignment order. More specifically, Mr. Rubin asked Judge Hamilton to issue an order requiring Apple to pay to Mr. Rubin Defendants' shares of revenues from sales of certain iTunes applications purportedly owned by Defendants. Judge Hamilton referred the motion to the undersigned for a report and recommendation.

Having considered Mr. Rubin's motion and accompanying submissions, the Court hereby orders that he provide additional information in support of his motion.

(1) Arguably, Mr. Rubin's motion is unnecessary, or at least premature, given that a writ of execution has already been issued. Federal Rule of Civil Procedure 69(a)(1) provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ.

P. 69(a)(1). The language of the rule reflects that there are means to enforce money judgments other than by writ of execution; "[h]owever, such other means are confined only to cases in which established principles warrant equitable relief, such as when execution would be an inadequate remedy." 13-69 Moore's Fed. Prac. -- Civ. § 69.02; *see also Hilao v. Estate of Marcos*, 95 F.3d 848, 854 (9th Cir. 1996) (stating that "we do not interpret the exception to execution to permit a federal court to enforce a money judgment by contempt or methods other than a writ of execution, except in cases where established principles so warrant") (emphasis and internal quotation marks omitted). Mr. Rubin shall provide supplemental briefing to explain why an assignment order is necessary and not premature.

(2)  Arguably, a writ of execution is the only relief needed by Mr. Rubin to enforce the money judgment against Defendants. The Rutter Group treatise indicates that "property held for the judgment debtor by a third person, or a debt owed by such person to the judgment debtor, generally can be levied upon by serving a copy of the writ and a notice of levy on the third person." Alan M. Ahart, Cal. Prac. Guide: Enforcing Judgments and Debts ¶ 6:573; *see also* Cal. Code Civ. Proc. § 701.010(b)(2) (providing that, "[t]o the extent that the third person does not deny an obligation levied upon, or claim a priority over the judgment creditor's lien, the third person shall pay to the levying officer both of the following: (A) The amount of the obligation levied upon that is due and payable to the judgment debtor at the time of levy[;] (B) Amounts that become due and payable to the judgment debtor on the obligation levied upon during the period of the execution lien"). Mr. Rubin shall provide supplemental briefing to explain why the relief he seeks is not obtainable pursuant to the writ of execution.

(3)  Mr. Rubin claims that the following iTunes applications were sold by Defendants Quetouch.com and Cancerian-9: PhotoMatch; Quik Dict (Thai Edition); X'mas PhotoMatch; Quik Dict (English Edition); and Bou..u! Animation. *See* Cohen Decl. ¶ 4. Mr. Rubin asserts that Defendants are the sellers of these applications because, when counsel "clicked through to get more detail about a particular application[,] [iTunes] lists the seller as 'Panutat Tejasen © Cancerian 9 Co., Ltd.'" *Id.* The one exception is the Bou..u! Animation application which lists as the seller Panutat Tejasen © Chiang Mai Digital Works. *See id.* The Court has concerns about whether

counsel's efforts are sufficient to establish that Defendants sell the above applications (especially the Bou..u! Animation application). Mr. Rubin shall provide any and all evidence to establish that Defendants sell the applications. The Court notes that, under Rule 69(a)(2), Mr. Rubin is entitled to obtain discovery from any person in aid of the judgment or execution. *See* Fed. R. Civ. P. 69(a)(2). Thus, at the very least, it appears that Mr. Rubin could ask Apple to provide information as to whether Defendants sell and profit from the applications at issue.

The supplemental briefing and/or evidence shall be filed and served within two weeks of the date of this order. Service on Quetouch.com and Cancerian-9 shall be effected consistent with Judge Hamilton's order of February 17, 2010 -- *i.e.*, by e-mail (either confirmed or not returned as undeliverable) and by Federal Express, *see* Docket No. 51 (order) -- ***and*** by mail consistent with California Code of Civil Procedure § 708.510(b). *See* Cal. Code Civ. Proc. § 708.510(b) (providing that notice of a motion for an assignment order shall be made "personally or by mail").

IT IS SO ORDERED.

Dated: November 10, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge